[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This will serve to articulate this court's denial of a motion to strike a special defense based on the "firefighter's rule." The thrust of the motion to strike is the claim that the conduct during which a police officer is injured must occur on "private property." (It should be noted that there is a divergence of opinion as to whether or not the location of the occurrence on private property is a condition for enforcement of the rule.) The second claim is that the injuries incurred by the plaintiff were as a result of a "motor vehicle accident" and therefore inappropriate as a defense in this particular case.
The facts, as alleged by the complaint and the special defense construed most favorably with respect to the pleading being challenged, are that the plaintiff was a police officer acting in the course of her occupation at the time of the injuries. On January 25, 1999 it is alleged that the plaintiff entered the premises located at 144 Farnum Avenue, New Haven, to investigate the complaint of a purse snatching involving the defendant, Michael MacDonald.
The plaintiff escorted the defendant to the parking lot to 144 Farnum Avenue, New Haven, Connecticut, where the vehicle owned by the co-defendant, Sally MacDonald was parked.
The complaint goes on to allege that when the plaintiff began questioning the defendant, the defendant entered the co-defendant's vehicle and after being asked to leave the vehicle and refusing to do so, the plaintiff physically attempted to remove the defendant from the motor vehicle. While the struggle was going on, the defendant engaged the vehicle in reverse gear causing the plaintiff to be dragged and thrown from the motor vehicle allegedly suffering the injuries and losses described in the complaint.
At the outset, without deciding the issue as to whether or not the "fireman's rule", has to arise out of an occurrence on private property CT Page 15835 with respect to police officers, the pleadings would indicate, in fact, that this incident did, in fact, occur on private property, namely, 144 Famum Avenue, New Haven, Connecticut.
With respect to the claim that this was a "motor vehicle accident," the court would probably agree that were this a simple motor vehicle accident with the plaintiff police officer having an involuntary peripheral contact with another motor vehicle operator, the rule would not apply. However, in this particular case, the injuries were caused, albeit by means of an automobile, while the plaintiff in the course of her duties as a police officer was attempting to physically remove and maintain custody of a resistant defendant. As such, the activity during which the plaintiff was injured falls well within the intent of the holding in Kaminski v. Town of Fairfield, 216 Conn. 29, 38, 39 (1990).
 ___________________ Gilardi, J.
CT Page 15836